# BERWIND-WHITE COAL MINING COMPANY
## *v.*
# BORINQUEN SUGAR COMPANY.

---

San Juan, Equity, No. 897.

ON PETITION OF CERTAIN BONDHOLDERS.

Equity—Mortgage Bonds.

1. Where the court is administering a property under a general creditors' bill a question arising as to mortgage interest must generally be presented by the trustee under the mortgage. A *cestui que trust* can apply to the court only after he has applied to the trustee and the trustee has improperly refused to act.

Marshaling—Corpus and Income.

2. The principle of marshaling will be applied to a case where one creditor has recourse upon the income and another has recourse both upon the income and corpus of the property.

Equity Practice—Master's Reports.

3. A court will not take up petitions affecting matters which have already been referred to a master and are under consideration by him.

Opinion filed July 11, 1914.

---

*Mr. Chase Ulman* for certain bondholders.

*Messrs. J. R. F. Savage* and *H. G. Molina* for certain creditors.

---

NOTE.—On the right of a junior creditor to compel paramount creditor to resort primarily to property of third person which may be subjected to payment of his claim, see note in 39 L.R.A. (N.S.) 1000.

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

*Mr. Chas. Hartzell* for receiver.

HAMILTON, Judge, delivered the following opinion:

This is a petition of a first mortgage bondholder of the Borinquen Sugar Company, now in the hands of the receiver of this court. He seeks to have the interest of all bondholders paid out of the earnings of the receiver during the past year, alleging that this is implied in the order of court of June 30th or thereabouts, last year, restraining bondholders from interfering, to foreclose or otherwise.

The leave to file this petition was granted by the court, not, of course, passing upon the merits of it, and it directed that notice be issued to the trustees of this first mortgage. Notice has been given them, but, so far as appears, they have not filed any appearance in court.

This, like other applications, comes up at a time when there is pending a scheme of reorganization which may or may not eventuate in success, but which at all events requires some time to try out, and also comes up at a time when the relative standing of different claims will be settled upon the reports of the different masters of the court. It raises, therefore, the question whether the court should pass upon this application at this time. The court, however, realizes the importance to the bondholders of receiving their interest. It fully realizes that it is to the advantage of the company and all creditors that the bondholders receive their interest, if possible.

Considering the petition, therefore, in the first place the question arises whether such an application can be made, or, at all events, whether it should be granted when made by

individual bondholders. The mortgage was given to certain trustees, and one of their duties is that of foreclosure and looking after the interests of different individual bondholders. If the court could pass upon this application, it could pass upon the application of every other bondholder. It is true that this petition is filed in the name of one bondholder for all who may come in. No others have come in. The petition is in the nature of a general bondholders' bill, but the question at the very beginning is, Can a bondholder do this? It is the duty of the trustee to file such an application because he acts as representative for them; and so the first thing to settle would be, Has the bondholder brought himself within the exceptions of the rule that the trustee may make such an application? That exception is that any *cestui que trust* can apply to the court for relief when he has applied to the trustee in the first instance and the trustee has refused to make the proper application. This is not alleged in this petition. The substitute for it is that the members of the board of directors of the trustee corporation have interests conflicting with the interests of the bondholders, and that in point of fact the trustee has not, although applied to, made such an application. There is no allegation that he has refused to make the application.

The court does not think that the bondholder has brought himself within the exceptions to the rule. There is no mismanagement and no fraud alleged on the part of the trustee. The trustee has been notified to appear, it is true, and has not appeared. It might very well be that it is because the trustee does not think that this is the proper time or place to make such an application, and that is within his discretion. It is true that any party having a right is not bound by the fact

Berwind-White Coal Min. Co. v. Borinquen Sugar Co.

that the trustee has not asked the court to pass upon it. The court does pass upon it now at the application of this creditor, and holds that this is not the proper time or manner for such an application, that it should be made by the trustee, and thinks that there must be some stronger reason given in the petition if the application is made by a bondholder. That is the formal side.

In the second place, although the court will not pass upon the merits of the application, because the first point disposes of the application for the present, nevertheless lest the intentions of the court be misunderstood in the matter, it might be well to say simply this.

It has been argued that the general creditors, or the creditors other than the bondholders, must look only to the income of the property that is now in the hands of the receiver; that the bondholders can look also to the corpus of the property. I do not pass upon the question whether that is true in this case or not; but there is no doubt that if it is true it brings up the well recognized principle of equity known as marshaling. If one creditor has a remedy against two pieces of property of the defendant, and another creditor has a remedy against one of those two pieces of property, a court of equity will compel the first creditor to exhaust his remedy against the piece of property on which he alone has a lien; he will not be permitted to crowd out the second creditor by resorting to a piece of property upon which they both have a lien. If it be a fact, which I do not undertake to determine until I see the reports of the masters, that the bondholders have a right against the corpus, which would seem to be so, and also against the income, which has been argued this morning, and that other creditors have a

right only against the income, the court would have to apply the principle of marshaling and confine the bondholders to the corpus, unless there were some facts or principles connected with the receivership which would take it out of the rule.

In the third place, I should say that in refusing this petition in the present form, the court does not wish to be understood as postponing the rights of the bondholders. It does think, however, that it is not proper to pass upon that question at the present time. It would not be right to enforce the remedy of the bondholders at the present time when reports covering not only the operation, but the rights of the parties, are before the court to be decided in a few days, and when there is a proposition of reorganization which, if carried out, will take care of the first mortgage bonds. So that, in declining to grant the petition at this time, the court is simply saying that it does not think it is proper now. It is not passing on the rights of the petitioner. The petition, therefore, is denied.